# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| MINOR M. SCOTT III, as personal representative for the ESTATE OF MAUREEN K. SCOTT, deceased, </br></br>Plaintiff, </br></br>v. </br></br>CHUHAK & TECSON, P.C., STEPHEN M. MARGOLIN and DAVID SHINER, </br></br>Defendants. | No. 09 C 6858 </br></br>Judge Ronald A. Guzmán |

## MEMORANDUM OPINION AND ORDER

Plaintiff has sued defendants, who represented plaintiff's deceased wife just prior to her death, for damages they caused the estate. Defendants have filed a motion to pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6) and (f) to dismiss the complaint and strike the request for punitive damages. For the reasons set forth below, the Court grants in part and denies in part the motion.

### Facts

Plaintiff is the representative of the estate of his deceased wife, Maureen K. Scott. (Compl. ¶¶ 3, 7.) Maureen was the daughter of Milton and Ruth Ann Kiver. (*Id.* ¶ 11.) Defendants represented Milton and Ruth and drafted a number of trusts for them, including the Milton S. Kiver Grantor Trust ("Milton Grantor Trust"). (*Id.* ¶¶ 13, 22, 47.) The Milton Grantor Trust requires that, upon his death: (1) if any of the trust estate is determined to be part of Milton's estate for federal estate tax purposes, the smallest amount of the trust estate that will result in the lowest federal estate

tax liability shall be set aside as a separate trust for Ruth's benefit ("contingent marital trust"); and (2) the remainder of the trust estate shall be divided into two separate trusts of equal value, one for Maureen and one for her sister, Diane Shah. (*Id.*, Ex. 6, The Milton Grantor Trust at 4-5, 8; *see* Compl. ¶ 11.) The Milton Grantor Trust names Diane as trustee but states that each beneficiary of a separate trust shall, at age thirty, become co-trustee of the separate trust. (*Id.* at 1, 9, 35.) It also states that, if a separate trust beneficiary dies before her trust is completely distributed, "such separate trust or the remainder thereof shall be distributed to or for the benefit of any. . . of . . . the beneficiary's heirs at law . . . in such proportions and upon such terms, conditions and trusts as such beneficiary may appoint by . . . her will." (*Id.* at 9-10.) Defendants never told Maureen about or gave her a copy of the Milton Grantor Trust. (Compl. ¶¶ 43, 53.)

Defendants also drafted the First and Second Ruth Wealth Trusts and the Ruth A. Kiver Grantor Trust. (*Id.* ¶¶ 61, 101-02; *see id.*, Ex. 3, Letter to Ruth from Shiner of 2/27/07 & Mem. to Margolin & Silverman from Shiner of 2/27/07.) Plaintiff alleges, on information and belief, that the First Ruth Wealth Trust names Milton as trustee and Maureen and Diane as successor trustees and allows the trustee to make distributions for the health, maintenance and support of Ruth's descendants. (Compl. ¶¶ 62-66.) Plaintiff also alleges, on information and belief, that Maureen is a beneficiary of both the Second Ruth Wealth Trust and the Ruth A. Kiver Grantor Trust. (*Id.* ¶¶ 69-70.)

Between 1998 and 2000, a business owned in part by plaintiff and Maureen called LoDo Self Storage, Inc., borrowed almost $3.5 million from banks and $275,000.00 from the Milton S. Kiver Living Trust. (*Id.* ¶¶ 18-19.) Moreover, in 1999, plaintiff and Maureen personally borrowed

2

$500,000.00 from a non-banking entity for the LoDo business. (*Id.* ¶ 20.) The principal of the personal loan has been repaid but the interest has not. (*Id.*)

Milton died on July 21, 2005, when Maureen was fifty-five years old. (*Id.* ¶¶ 22, 58.) After his death, defendants created separate trusts for Maureen and Diane, but they never gave Maureen a copy of her trust ("Maureen Separate Trust"). (*Id.* ¶¶ 52-53; *id.*, Ex. 7, Letter to Scott from Shiner of 8/28/07.)

In August 2005, Maureen hired defendants to prepare her estate plan. (Compl. ¶ 23.) On March 9, 2007, Maureen executed a new will prepared by defendants, which states: "I give all the rest, residue and remainder of my property and estate . . .[,]excluding any property over which I may at any time have a power of appointment, to the then acting trustee under the Maureen K. Scott Trust . . . heretofore executed by me as Grantor, and my spouse and me as trustees . . . ." (*Id.* ¶¶ 23, 38; *id.*, Ex. 5, Will of Maureen K. Scott at 6.)

By 2006, Maureen owed Ruth $475,000.00, which she had borrowed for LoDo, and Diane owed the Milton S. Kiver Marital Trust ("Marital Trust"), of which Ruth was the primary beneficiary, $2,790,808.00 plus interest, which she had borrowed to buy a Co-Op. (Compl. ¶¶ 26, 28.) In October 2006, Ruth, Diane and the family accountant decide that equal gifts would be made to Diane and Maureen from various family trusts to enable the daughters to pay off the loans. (*Id.* ¶ 30.) Defendants described the gift plan in memorandum that they sent to Ruth on February 27, 2007. (*Id.* ¶ 33; *see id.*, Ex. 3, letter to Ruth from Shiner of 2/27/07 & Mem. to Margolin & Silverman from Shiner of 2/27/07.) The memorandum states that Ruth would forgive Maureen's loans, Diane would repay $1.3 million of the Co-Op loan using her own assets, Ruth would give each daughter a gift of $1,490,808.00 and Diane would use her gift to repay the remainder of the Co-Op

3

loan. (Compl. ¶¶ 33-34, 36; *id.*, Ex. 3, letter to Ruth from Shiner of 2/27/07 & Mem. to Margolin & Silverman from Shiner of 2/27/07.) Diane received the gift but did not repay the Co-Op loan. (Compl. ¶ 35.) Maureen's loans were forgiven, but she did not receive the gift. (*Id.*)

Maureen died on March 23, 2007. (*Id.* ¶ 40.) Eight months later, defendants gave plaintiff a copy of the Milton Grantor Trust. (*Id.* ¶¶ 44-46.)

On October 30, 2009, plaintiff filed this suit, claiming that defendants' acts and omissions damaged Maureen's estate.

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Defendants contend that the suit should be dismissed because it is based on alleged injuries that occurred after Maureen died but was not filed by plaintiff in the period allowed for making claims against her estate, as the statute of limitations for legal malpractice claims requires. *See* 735 Ill. Comp. Stat. 5/13-214.3(d); *Wackrow v. Niemi*, 899 N.E.2d 273, 277 n.3 (Ill. 2008) (stating that the legislature's attempted repeal of subsection (d) was ineffective, and thus, remains in effect). Plaintiff disputes defendants' characterization of his claims, which he says are governed by the two-year limitations period and six-year repose period applicable to legal malpractice claims that are not based on injuries that occur after the client's death. *See* 735 Ill. Comp. Stat. 5/13-214.3(a)-(c).

4

Even if defendants are correct, an issue the Court does not decide, that would not be a basis for granting their motion. Untimeliness is an affirmative defense that can be the basis for a 12(b)(6) dismissal only if plaintiff alleges "all the ingredients of an impenetrable defense." *Xechem, Inc. v. Bristol-Myers Squibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004); *see DeLuna v. Burciaga*, 857 N.E.2d 229, 243 (Ill. 2006) (holding that the limitations period for legal malpractice claims is subject to tolling). Because plaintiff has not done so, defendants' motion to dismiss plaintiff's claims as untimely is denied.

Defendants also argue that plaintiff's claims are substantively infirm. Plaintiff alleges that defendants: (1) "interfer[ed]" with the gift plan; (2) failed to tell her about the existence and terms of the First and Second Ruth Wealth Trusts and the Ruth Grantor Trust or cause distributions to made from them to pay Maureen's medical bills and LoDo expenses; (3) failed to file tax returns for the Maureen Separate Trust for the years 2005-2007; (4) failed to cause Diane to repay the Co-Op loan to the Marital Trust; and (5) failed to tell Maureen about the existence and terms of the Milton Grantor Trust and the Maureen Separate Trust and cause distributions to be made from them for her medical bills and LoDo expenses. (Compl. ¶ 75a-n.) These alleged acts and omissions constitute malpractice only if defendants had a duty to Maureen to take or refrain from taking these actions, defendants breached that duty and their breach proximately damaged Maureen's estate. *Skorek v. Przybylo*, 628 N.E.2d 738, 739-40 (Ill. App. Ct. 1993).

The claim based on defendants' alleged frustration of the gift plan fails on the first element. "[A]n attorney's duty to his client exists in relation to the scope of the representation sought by the client and undertaken by the attorney." *Practical Offset, Inc. v. Davis*, 404 N.E.2d 516, 520 (Ill. App. Ct. 1980). Plaintiff alleges that Maureen retained defendants "to prepare and document her

estate plan," a work description that cannot reasonably be interpreted to include procuring gifts for her. (*See* Compl. ¶ 23.) Because plaintiff has not alleged that defendants had a duty to procure Ruth's gift for her, their failure to do so cannot be the basis for a malpractice claim.

Plaintiff fares no better with the claims based on defendants' failure to tell Maureen about or secure distributions from the Ruth Trusts, file tax returns for the Maureen Separate Trust and cause Diane to repay the Co-Op loan to the Marital Trust. Plaintiff does not allege that Maureen had an unqualified right to receive distributions from any of the Ruth Trusts or explain how Diane's debt to the Marital Trust or the lack of tax filings for the Maureen Separate Trust damaged her estate. Absent such allegations, plaintiff has not satisfied the proximate cause or damage elements for these claims.

Defendants also contend that Maureen's estate was not damaged by their alleged failure to tell her about the Milton Grantor or Maureen Separate Trusts because: (1) plaintiff does not allege that Maureen asked for a distribution from either Trust; (2) the Trusts' terms prohibited Maureen from appointing her estate as the beneficiary of her interest; and (3) the Maureen Trust was never funded. The Court rejects all of these arguments.

Maureen's failure to ask for a distribution might vitiate causation if she knew that the Trusts existed. But plaintiff specifically alleges that she did not. (Compl. ¶¶ 43, 53, 60, 75a.) Further, the Milton Grantor Trust permits a beneficiary to appoint by will the distribution of her interest in it or a separate trust created pursuant to it "to or for the benefit of," among others, "the beneficiary's heirs at law." (*Id.*, Ex. 6, Milton S. Kiver Grantor Trust at 9.) Maureen's husband is one of her "heirs at law." *Harris Trust & Sav. Bank v. Jackson*, 106 N.E.2d 188, 192 (Ill. 1952). He is also the primary beneficiary of the Maureen K. Scott Trust, which Maureen designated in her will as the beneficiary

6

of the bulk of her estate. (*See generally* Compl., Ex. 5, Will of Maureen K, Scott; *id.*, Ex. 4, The Maureen K. Scott Trust.) Thus, if Maureen had appointed the Maureen K. Scott Trust as the recipient of her interest in the Milton Grantor Trust or the Maureen Separate Trust, that appointment would have been for the benefit of one of her heirs. Defendants' last argument, that the Maureen Separate Trust was never funded because she died before the conditions precedent to its funding occurred, relies on facts not alleged in the complaint. Thus, it is not an appropriate basis for a Rule 12(b)(6) dismissal.

Defendants also ask the Court to strike plaintiff's request for punitive damages because such damages are not recoverable in legal malpractice cases. 735 Ill. Comp. Stat. 5/2-1115 ("In all cases, whether in tort, contract or otherwise, in which the plaintiff seeks damages by reason of legal . . . malpractice, no punitive, exemplary, vindictive or aggravated damages shall be allowed."). Plaintiff says his claims are for breach of fiduciary duty not malpractice. However, "claim[s] against an attorney for breach of fiduciary duty [generally] fall[] under the rubric of professional malpractice." *Owens v. McDermott, Will & Emery*, 736 N.E.2d 145, 155 (Ill. App. Ct. 2000). The only alleged source of defendants' duty to tell Maureen about the Milton Grantor and Maureen Separate Trusts, is defendants' attorney-client relationship with her. (*See* Compl. ¶ 23.) Thus, regardless of how they are styled, plaintiff's remaining claims "fall under the rubric" of legal malpractice. Plaintiff's request for punitive damages is, therefore, stricken.

## Conclusion

For the foregoing reasons, the Court grants in part and denies in part defendants' motion to dismiss [doc. no. 15] and: (1) dismisses with prejudice plaintiff's claims based on defendants'

7

alleged interference with the gift plan; (2) dismisses without prejudice plaintiff's claims based on defendants' alleged failure to tell Maureen about the existence and terms of the Ruth Trusts or cause distributions to be made from them, failure to file tax returns for the Maureen Separate Trust and failure to cause Diane to repay the Co-Op loan; and (3) strikes plaintiff's request for punitive damages. In all other respects, the motion is denied. Plaintiff has fourteen days from the date of this Memorandum Opinion and Order to file an amended complaint. If plaintiff fails to do so, the Court will dismiss those claims with prejudice.

SO ORDERED.

ENTERED: JUL 0 9 2010

7-9-2010

HON. RONALD A. GUZMAN
United States District Judge